MORAN LAW GROUP, INC.
CATHLEEN COOPER MORAN, I.D. #83758
RENÉE C. MENDOZA, I.D. #139939
800 California Street, Suite 230
Mountain View, CA 94041
Tel.: (650) 694-4700  Fax: (650) 694-4818
Email: ccmoran@moranlaw.net

Attorney for Plaintiff Anne Lorraine Ruiz

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In Re:                                     ) Chapter 13
                                           )
    ANNE LORRAINE RUIZ,                  ) Bankruptcy No.  04-57831
                                           )
        Debtor.                          )
_____)
                                           )
ANNE LORRAINE RUIZ,                        ) Adversary No.
                                           )
        Plaintiff,                       )
                                           )
    vs.                                    )
                                           )
LITTON LOAN SERVICING, LLC;                )
NEW CENTURY MORTGAGE                       )
CORPORATION; THE PROVIDENT                 )
BANK; FIDELITY                             )
NATIONAL FORECLOSURE                       )
SOLUTIONS, MORGAN STANLEY                  )
2002   NC4,                                )
                                           )
        Defendants.                      )
_____) HON. ARTHUR S. WEISSBRODT

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

Plaintiff Anne Lorraine Ruiz respectfully represents:

1. The jurisdiction of this matter is with the United States Bankruptcy Court for the Northern District of California.

2. Plaintiff is the debtor in these proceedings.

3. This is an adversary proceeding within the meaning of Part VII of the Bankruptcy

| | |
|---|---|
| 1 | Rules. This Court has jurisdiction over the subject matter of this proceeding under |
| 2 | the provisions of 28 U.S.C. Section 151, 157, and 1334. Venue is proper under 28 |
| 3 | U.S.C. §1409. |
| 4 | 4. This is a core proceeding as defined by 28 U.S.C. § 157. |

**The Parties**

5. Defendant Litton Loan Servicing, LLC ("Litton") is the present servicer of the Loan.

6. New Century Mortgage was the original lender; a relief from stay motion was brought in the bankruptcy case on behalf of New Century, its successors and assigns.

7. Fidelity National Foreclosure Solutions is the present trustee on the deed of trust.

8. The Provident Bank is the holder of the note and deed of trust as shown on the records of the Santa Clara County Recorder.

9. Morgan Stanley 2002 NC4 is identified on the Validation of Debt notice sent by Litton to the Debtor on November 24, 2004 as the creditor to whom the mortgage debt is owed.

**The Facts**

10. The debtor filed a voluntary petition under title 11 United States Code Chapter 7 on December 27, 2004.

11. The debtor's home which she uses for her business as a child care provider is subject to a first deed of trust to secure a loan originally made by New Century Mortgage Corporation on July 2, 2002 (the "Loan"). The servicing of the Loan was immediately transferred to Ocwen. At some time unknown to the Debtor, the loan servicing was again transferred, this time to PCFS Mortgage Resources, who identifies itself as a division of the Provident Bank.

12. The Loan was subsequently assigned to The Provident Bank by assignment dated June 1, 2003, recorded December 23, 2003.

13. The debtor fell behind on her mortgage payments and a notice of default and thereafter a notice of sale were filed with respect to the Loan by Fidelity National Foreclosure Solutions ("Fidelity").

14. The debtor cured the arrears prior to the foreclosure sale; notwithstanding the debtor's cure, the foreclosure sale went forward on December 1, 2003 and a trustee's deed was issued by Fidelity in favor of the foreclosing creditor Provident Bank.

15. Litton assumed the loan servicing on December, 1, 2004 from PCFS. Litton's Validation of Debt notice, dated November 24, 2003, set the obligation at $433,321.09.

16. Some months later, the creditor acknowledged that the foreclosure was improper and issued a Notice of Rescission of Trustee's Deed Upon Sale, dated March 9, 2004, restoring title to the Debtor.

17. While title to Debtor's home was held by Provident Bank, Fidelity served and recorded a Notice of Default addressed to Debtor on account of the same deed of trust which had been foreclosed in December, 2003.

18. Fidelity served and recorded a Notice of Trustee's Sale on December 10, 2004.

19. PCFS provided the debtor with a payoff statement, dated January 9, 2004, showing a payoff balance of $410,157.87, including a prepayment penalty of $13,430.45 which does not appear to be provided for in the note.

20. PCFS, by letter dated February 12, 2004, claimed the amount to reinstate the Loan was $14,768.25, including $5,294.83 in unidentified "fees".

21. Litton filed a proof of claim with this court on or about March 4, 2005 for 437,255.06 (the "Proof of Claim"). The debtor objected to the proof of claim.

22. Litton is has appeared in this court as the real party in interest in a motion for relief from stay filed Litton alleged in the body of its relief from stay pleading that the no payments had been made during the pendency of the case and set forth the debt on the relief from stay cover sheet as $427,454.

23. On August 4, 2005, Litton provided a payoff statement at debtor's request showing a payoff balance of $466,423.76.
24. Debtor has made multiple requests of Litton to explain the elements of its demand and to reconcile those demands with previous statements with respect to the Loan.

### FIRST CAUSE OF ACTION-DECLARATORY RELIEF

**25.** Plaintiff incorporates the allegations of paragraphs 1-22 herein.
26. Plaintiff is entitled to a complete and comprehensible accounting of the credits and charges to the loan, which she has been heretofore unable to obtain.
27. Debtor alleges on information and belief that the expenses, fees, and attorneys fees added to the Loan obligation are neither provided for under the terms of the note, nor allowed under applicable federal law.
28. The records and prior statements of the Defendants with respect to the Loan are unreliable and irreconcilable; to the extent they seek anything more than principle and interest, they should be disregarded.
29. California Code of Civil Procedure 1717 provides that where an agreement provides for an award of attorneys fees to one party, the other party is likewise entitled to an award if that party is the prevailing party.

### SECOND CAUSE OF ACTION-DAMAGES

**30.** Plaintiff incorporates the allegations of paragraphs 1-26 above.
31. The conduct of the foreclosure sale on December 1, 2003 was wrongful and constituted a breach of the contract and of Debtor's statutory rights under state and federal law.
32. As a result of the wrongful foreclosure sale, the Debtor has taken time from work to seek a remedy and a restoration of her property, including efforts to unwind the increase in property taxes triggered by the purported sale.

//
//
//

WHEREFORE, Plaintiff prays for relief as follows:

FIRST CAUSE OF ACTION

A. For a determination of the amount of principle and interest owed on the Loan;

B. For disallowance of all other fees and charges;

C. For damages according to proof for violation of law and breach of contract;

D. For attorneys fees and costs; and

E. For such other and further relief as is just.

SECOND CAUSE OF ACTION

A. For damages;

B. For the costs of suit herein;

C. For attorneys fees; and

D. For such other and further relief as is just.

MORAN LAW GROUP

Date_____                                    _____
                                               CATHLEEN COOPER MORAN
                                               Attorney for Plaintiff